UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTINA SMITH,

                Plaintiff,

v.

Case # 16-CV-443-FPG

DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Christina Smith ("Smith" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On January 9, 2012, Smith protectively applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr. 119-37.[2] She alleged that she had been disabled since January 2, 1994, due to bipolar disorder. Tr. 151. Smith later amended her alleged disability onset date to January 2, 2012. Tr. 200. On September 23, 2014, Smith and a vocational expert ("VE")

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

1

appeared and testified at a hearing before Administrative Law Judge Timothy M. McGuan ("the ALJ"). Tr. 40-59. On December 17, 2014, the ALJ issued a decision finding that Smith was not disabled within the meaning of the Act. Tr. 13-24. On April 4, 2016, the Appeals Council denied Smith's request for review. Tr. 1-6. Thereafter, Smith commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial

gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ's decision analyzed Smith's claim for benefits under the process described above. At step one, the ALJ found that Smith had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 15. At step two, the ALJ found that Smith has the following severe impairments: mood, bipolar, and generalized anxiety disorders. Tr. 16. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 16-17.

Next, the ALJ determined that Smith retained the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. Tr. 17-22. Specifically, the ALJ found that Smith can only occasionally interact with the public and occasionally understand, remember, and carry out complex and detailed tasks. Tr. 17.

At step four, the ALJ indicated that Smith had no past relevant work. Tr. 22. At step five, the ALJ relied on the VE's testimony to determine that Smith can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 23. Specifically, the VE testified that Smith could work as an office cleaner and stock checker. *Id.* Accordingly, the ALJ concluded that Smith was not "disabled" under the Act. Tr. 24.

**II.    Analysis**

Smith argues that remand is required because the ALJ's credibility determination is not supported by substantial evidence.[3] ECF No. 10-1, at 14-18. Specifically, Smith asserts that the ALJ erred when he found her "credible" but not disabled because she "described limitations

---
[3]     Smith advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 10-1, at 18-20. However, the Court will not address that argument because it disposes of this matter based on the improper credibility assessment.

4

which clearly prevent her from working on a regular and continuing basis." *Id.* at 15. The Court agrees.

"The ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Jackson v. Astrue*, No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009) (citing *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979)). "[T]he court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain" if the finding is supported by substantial evidence. *Id.* (quotation marks and citation omitted).

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record." *Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) (quotation marks and citation omitted). Social Security Ruling 96-7p warns that:

> It is not sufficient for the [ALJ] to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).[4]

Here, the ALJ's credibility assessment lacks the requisite specificity. The ALJ found Smith "credible," but noted that although Smith "testified consistently with the record . . . she did not describe a completely disabled person." Tr. 21. The discussion that followed, however,

---

[4] The Court notes that S.S.R. 96-7p was recently superceded by S.S.R. 16-3p, which became effective on March 28, 2016. S.S.R. 96-7p, however, remains the relevant guidance for the purposes of Smith's claim, which was filed on January 9, 2013. *See Bailey v. Colvin*, No. 1:15-CV-00991 (MAT), 2017 WL 149793, at *5 n.2 (Jan. 14, 2017).

seemed to suggest that the ALJ did *not* find her credible. Tr. 21-22. The ALJ noted, for instance, that despite Smith's allegations that she struggled with attention and concentration, she "was able to maintain attention and concentration to go to college [and] she has worked in several part-time jobs." Tr. 22. The ALJ also pointed out that Smith had a boyfriend, lived with her brothers, got along with family and friends, and was able to perform daily activities. Tr. 22; *see* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (the ALJ may consider the claimant's daily activities when assessing the credibility of his or her statements). The ALJ also noted that Smith's "medications have done wonders." *Id.*; *see* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv) (the ALJ may consider the type, dosage, effectiveness, and side effects of medication the claimant has taken when assessing the credibility of his or her statements).

The remainder of the ALJ's decision fails to clarify how Smith's "credible" statements affected the RFC analysis. Tr. 21. If the ALJ believed these statements and afforded weight to them, it could have changed the RFC analysis and ultimate disability determination.

Smith indicated on a Function Report, for example, that stress has an extreme effect on her and that she cannot handle "being rushed" or changes in her day. Tr. 183. "Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (citing S.S.R. 85-15, 1985 WL 56857 (S.S.A. Jan 1, 1985) and *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")). An ALJ must specifically inquire into and analyze a

claimant's ability to manage stress. *Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014). Although the RFC determination limited Smith to only occasional interaction with the public and occasionally understanding, remembering, and carrying out complex and detailed tasks, the ALJ did not make specific findings about the nature of Smith's stress or explain how the RFC accounted for her stress.

Smith also testified that she struggles with attention and concentration. Tr. 53. Specifically, she stated that her concentration "depend[s] on [the] day" and that "[i]f something doesn't grasp [her] within the first 15, 20 minutes [she] won't pay attention," she is easily distracted, and she frequently "zones out." *Id.* The VE testified that an individual is unemployable if he or she is off task more than 15% of the workday. Tr. 58. Although the RFC limited Smith to only occasionally understanding, remembering, and carrying out complex and detailed tasks, the ALJ's analysis did not explain how these specific limitations would alleviate Smith's attention and concentration issues. Moreover, the evidence demonstrates that Smith also struggles with the attention and concentration needed to perform even simple work tasks. Smith testified, for example, that when she worked at a pizzeria she seriously struggled to fill orders and speak to customers on the telephone. Tr. 48-49.

Given the confusion described above, the ALJ's credibility determination does not permit intelligible plenary review of the record. Accordingly, remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d

117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

       IT IS SO ORDERED.

Dated: June 26, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court